IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Case No. 17-MJ-01065-MJW

UNITED STATES OF AMERICA,

    Plaintiff,

v.

YANIEL O. GARCIA-GONZALEZ,

    Defendant.

---

FINDINGS OF FACT, CONCLUSIONS OF LAW and REASONS
FOR ORDER OF DETENTION

---

    This matter is before the court for detention hearing on April 14, 2017. The court has taken judicial notice of the court's file and the pretrial services report. In addition, I have considered the proffer submitted by defense counsel and the arguments of counsel.

    In order to sustain a motion for detention, the government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably insure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

If there is probable cause to believe that the defendant committed an offense which carries a maximum term of imprisonment of over 10 years and is an offense prescribed by the Controlled Substances Act, a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

The Bail Reform Act, 18 U.S.C. § 3142(g), directs the court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the defendant as required and the safety of any other person and the community:

(1) [t]he nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

The government is requesting detention in this case. In making my findings of fact, I have taken judicial notice of the information set forth in the pretrial services report and the entire court file. In addition, I have considered the proffer submitted by defense

counsel and the arguments of counsel.  Further, I have considered the testimony of Special FBI Agent Phillip Jones. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the Defendant has been charged in the Indictment out of the United States District Court for the District of Puerto Rico in Case No. 17-236 (GAS) in count one with Carjacking in violation of 18 U.S.C. § 2119(a) and in count two with Brandishing a Firearm and in Relation to a Crime of Violence in violation of 18 U.S.C. § 924(c)(1)(A).. Based upon the Indictment, I find probable cause exists that the Defendant committed the charged offense.

Second, I find that the rebuttable presumption of detention applies in this case based upon the charge in count two in the Indictment.  Further, I find that the nature and circumstances of this case involves a carjacking wherein a deadly weapon was used by Defendant.  The testimony from Special FBI Agent Phillip Jones shows that on March 25, 2017, Defendant and some other male individuals waived down a vehicle driven by a female whom Defendant has known for four to five years.  Defendant pointed the gun at the female (victim/driver) and ordered her to get out of her vehicle or he would shoot her.  Defendant ordered the female (victim/driver) multiple times to get out of the car of he would shoot her and he jumped into the vehicle.  While in the vehicle, the Defendant pointed a gun at the female (victim/driver) and placed the gun against the female's (victim/driver) head.  The female (victim/driver) was able to exit her vehicle and the Defendant drove off with her vehicle.  The evidence further shows that the following day the Defendant fled Puerto Rico and traveled to Colorado.

Third, I find that the Defendant does not have any financial or family ties to Colorado.  Defendant has only been in Colorado approximately two weeks since he fled Puerto Rico after the above described incident.  The Defendant's continued employment with Cargill Meat Solutions in Colorado is questionable at this time. Defendant was arrested at Cargil Meat Solutions.  Defendant was staying in housing provided by Cargill Meat Solutions. Defendant had only being working for Cargill Meat Solutions for less than two weeks.  Defendant does not have any assets. Defendant's Wells Fargo Personal Checking Account has a total of $11.00.  Defendant does not possess a Colorado Driver's License.

Fourth, I find that Defendant is a flight risk and a danger to the community

In light of these facts, I find, by clear and convincing evidence, that there is no condition or combination of conditions of release which will reasonably assure the appearance of the Defendant at future court appearances and the safety of the community. Accordingly, I order that the Defendant be detained without bond.

Done this 14th day of April 2017.

BY THE COURT

<u>S/ Michael J. Watanabe</u>
Michael J. Watanabe
U.S. Magistrate Judge